**IN THE UNITED STATES DISTRICT COURT,**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ILINKO MIRCIC, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, BEING FICTITIOUS NAMES OF UNIDENTIFIED PERSONS WHO CONTROL THE POLICIES AND PRACTICES INVOKED BY, NCO FINANCIAL SYSTEMS, INC.,<br><br>Defendants. | Civil Action No.:_____<br><br><br><br><br><br>**CLASS ACTION COMPLAINT**<br>**&**<br>**DEMAND FOR JURY TRIAL** |

## I. PRELIMINARY STATEMENT

1. Plaintiff Ilinko Mircic, ("plaintiff"), on his own behalf and on behalf of the Class he seeks to represent, brings this action for illegal practices of the above-named defendants who used false, deceptive, misleading, harassing and abusing practices in conjunction with attempts to collect alleged debts. Plaintiff alleges that the defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 *et seq*. ("FDCPA"). Plaintiff seeks statutory damages for himself and the members of the class defined herein, costs and attorneys fees.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

3. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the Plaintiff's claims occurred within this federal judicial district, and because the Defendant is located and regularly transacts business within this federal judicial district.

### III. PARTIES

4. Plaintiff Ilinko Mircic is a natural person residing in San Jose, California.

5. Defendant NCO Financial Systems, Inc. ("defendant NCO") is a corporation existing pursuant to the laws of the State of Pennsylvania. The defendant NCO maintains a principal place of business located at 507 Prudential Road, Horsham, Pennsylvania. The defendant NCO operates as a debt collection agency. The defendant NCO is engaged in the business of collecting debts. The defendant NCO collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the defendant NCO is a "debt collector" as said term is defined in the FDCPA.

6. The defendants, JOHN and JANE DOES 1 through 25, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff at this time. When said true names and capacities are ascertained, plaintiff will move to further amend this complaint by inserting same.

7. Plaintiff has information and beliefs and thereon allege that defendants, JOHN and JANE DOES 1 through 25, are natural persons and/or business entities all of who reside or are located within the State of Pennsylvania. Said DOE defendants personally created, instituted, and with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the defendant NCO wherein said employees

engaged in the unlawful conduct set forth below. Said DOE defendants personally control the illegal acts, policies, and practices utilized by the defendant NCO and are, therefore, personally liable for all of the FDCPA violations alleged hereinafter.

## IV. STATEMENT OF THE CASE

8.　　The defendant NCO is the largest collection agency in the world in terms of monetary amount collected.

9.　　Through call centers located throughout the United States, the defendant NCO attempts to collect billions of dollars in actual and alleged debts via the use of intrastate and interstate telephone lines.

10.　　Each of the call centers operated by the defendant NCO constitutes a high-tech debt collection operation with scores of collectors located in cubicles initiating telephone contact with persons located in each of the United States who are alleged to owe money to: (a) creditors who have retained the defendant NCO; and (b) to NCO based upon its purchase of consumer debt via its subsidiary, NCO Portfolio Management.

11.　　At a time unknown to plaintiff, the defendant NCO was retained for the purpose of attempting to collect a personal debt allegedly owed by the plaintiff.

12.　　In the attempt to collect the alleged debt alleged to be owed by the plaintiff a person employed as a debt collector by NCO placed the following voice telephone message to the plaintiff:

> "Yeah, wrong number right...his name's on the answering machine. Yeah, Llinko Mircic, this is Terrence O'Hanlen here with the Attorney's Network Department here at NCO. Uh, Llinko, a very important matter of ours  and very important proceedings in my office at this time, I wish I could delay this matter, but I do not have the lack and luxury of time with these proceedings. My direct line at my office is 877-652-4538. Again, 877-652-4538."

13. Contrary to the implications of the content of the foregoing telephone voice message, (i.e. that Terrence O'Hanlen is a duly admitted attorney at law and that he has drafting a summons and complaint naming the plaintiff herein as a defendant in a lawsuit which is about to be imminently filed), Terrence O'Hanlen is not an attorney nor was there any lawsuit which would be imminently filed against the plaintiff herein.

## V. POLICIES AND PRACTICES COMPLAINED OF

14. It the policy and practice of the defendant NCO to train persons it employs as debt collectors to contact consumers via telephone and advise that they (NCO debt collectors) are calling from the "NCO Attorney's Network Department" and to use verbiage which falsely conveys that they (NCO debt collectors) are duly admitted attorneys at law who are in the imminent process of filing lawsuits which can only be avoided by the full payment of debts which the defendant NCO is attempting to collect.

15. Upon information and belief the foregoing described telephone communications are placed within the 30-day debt verification/dispute time periods as prescribed by 15 U.S.C. sec. 1692g. Therefore, the false implications of the filing of imminent lawsuits contradict and overshadow the 30-day debt verification dispute rights.

## VI. CLASS ALLEGATIONS

16. This action is brought as a class action pursuant to Fed. R. Civ. P. 23 and consisting of a class of all persons with addresses in the United States of America who a) engaged in at least one telephone conversation with an NCO employee who, during said telephone conversation, advised that he was calling from the NCO Attorney's Network Department or b) received a telephone voice message from an NCO employee who advised that he was calling from the NCO Attorney's Network Department.

17. The class period is a time period which commences one year prior to the filing of the herein action and continues until the final resolution of the herein action.

18. Plaintiff alleges, on information and belief, that the class is believed to include thousands of class members and is, therefore, so numerous as to make it impracticable to bring all the members of the respective class before this Court. The exact number of class members is unknown to the plaintiff but may be determined from the records maintained by the defendant NCO.

19. There are questions of law and fact common to the class which common issues predominate over any issues involving only individual class members. The principal issue is whether the defendant NCO violated the FDCPA by using false, deceptive and misleading debt collection tactics.

20. The plaintiff's claims are typical of the class members. All are based upon the same facts and legal theories.

21. The plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling class actions. Neither plaintiff nor his counsels have any interests which might cause them not to vigorously pursue this action.

22. Plaintiff has no relationship with the defendant NCO except as set forth in the herein Class Complaint. His interest in this action is antagonistic to the interests of the defendant NCO. The plaintiff is aware he cannot settle this action without Court approval.

23. The undersigned counsel is experienced in litigating consumer actions and plans to associate with counsel who, in addition, is experienced in litigating class actions and has handled numerous consumer class actions in federal courts. Counsel is handling this case on a

contingent basis and will receive compensation for his professional services only as awarded by this Court.

24. A class action provides a fair and efficient method of adjudicating this controversy. Plaintiff and the Class Members have substantive claims that are similar pursuant to the FDCPA which are similar, if not identical, in all material respects and will require evidentiary proof of the same kind and application of the same law. As the defendant NCO has treated and is treating all members of the Class in a similar manner, statutory relief provided by the FDCPA is appropriate with respect to the Class.

25. There are no unusual legal or factual issues which would cause management problems not normally and routinely handled in class actions. Damages may be calculated with mathematical precision.

26. Because most members of the Class either do not know that their rights have been violated or could not economically justify the effort and expense required to litigate their individual claims for relatively small damages, a class action is the only practical proceeding in which they could recover. As a result of the doctrine of <u>stare decisis</u>, individual actions could substantially impair the rights of the putative Class Members and spawn inconsistent results that require defendant to treat similarly situated Class Members differently.

27. Plaintiff is unaware of any other similar litigation against the defendant NCO, and this action will further the public policies underlying the FDCPA.

28. This Court is an appropriate forum since the defendant NCO conducts its principal place of business within this forum.

29. Certification of the class under Fed. R. Civ. P. 23(b)(3) is appropriate in that the questions of law and fact common to the class defined herein predominate over any questions

affecting only individual members of the defined class and a class action is superior to other methods for the fair and efficient adjudication of the herein controversy.

## VII.  CLASS CLAIMS FOR RELIEF

30. The Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. sec. 1692e by using false, deceptive and misleading representations in an attempt to collect alleged debts.

(b) The Defendants violated 15 U.S.C. sec. 1692e(10) by using false representations and deceptive means to collect or attempt to collect any debt and to obtain information about a consumer.

(c) The Defendants violated 15 U.S.C. sec. 1692e(2)(A) by falsely representing the character and legal status of alleged debts.

(d) The Defendants violated 15 U.S.C. sec. 1692e(3) by initiating telephone communications which falsely imply that said telephone communications comes from an attorney.

(e) The Defendants violated 15 U.S.C. sec. 1692f by using unfair practices in an attempt to collect alleged debts.

(f) The Defendants violated 15 U.S.C. sec. 1692d by engaging in conduct the natural consequences of which is to harass, annoy and abuse.

(g) The Defendants violated 15 U.S.C. sec. 1692d(6) by failing to provide meaningful identification of NCO's identity as the caller.

    (h)    The Defendants violated 15 U.S.C. sec. 1692(g) by placing telephone communications within the 30-day debt verification/dispute period wherein statements threatening the commencement of imminent legal action are conveyed.

## VIII. PRAYER FOR RELIEF

31.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the putative class as follows:

    A.    Certification of the class pursuant to Rule 23(b)(3).

    B.    Statutory damages for the plaintiff pursuant to 15 U.S.C. sec. 1692k.

    C.    Statutory damages for the members of the class pursuant to 15 U.S.C. sec. 1692k.

    D.    Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. sec. 1692k.

    E.    Such other and further relief as may be just and proper.

DATED:    March 31, 2008

    *s/ David E. Pearson*
DAVID E. PEARSON, ESQ. (PBN 90945)
6983 Weatham Street
Philadelphia, PA 19119
Telephone:  (215) 849-1750
Facsimile:   (215) 849-1830
*Attorney for Plaintiff, Ilinko Mircic, and all others similarly situated*

## IX. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against the Defendants, and each of them, for each cause of action so triable.

DATED: March 31, 2008

    *s/ David E. Pearson*
DAVID E. PEARSON, ESQ. (PBN 90945)
6983 Weatham Street
Philadelphia, PA 19119
Telephone: (215) 849-1750
Facsimile: (215) 849-1830
*Attorney for Plaintiff, Ilinko Mircic, and all others similarly situated*